John CLAIBORNE *v.* STATE of Arkansas

CR 94-661 893 S.W.2d 324

Supreme Court of Arkansas
Opinion delivered February 20, 1995

*Clarence Walden Cash,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Sandy Moll,* Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. This is an appeal from a conviction on theft and burglary charges which questions only the sufficiency of the evidence. We affirm.

John Henry Claiborne, appellant, was working as a cashier at a Target store during Christmas, 1992, when he met Renee Davis. He gave her his number and asked her to call, which she did a few days later. She testified she had visited him on a few occasions but he had come to her apartment only once and had never been in the bedroom.

On March 23, 1993, Davis reported her apartment had been burglarized and electronics equipment had been stolen. The police came to investigate and discovered that entrance had been gained through a rear bedroom window. The police lifted palm prints from the interior sill of that window and got smudged finger prints from underneath the same interior sill. The investigator who collected them testified the palm prints were going forward, toward the inside of the apartment, consistent with those of someone gaining entrance into the apartment by climbing through the window from the outside.

Two of Davis' neighbors told police they noticed a black

Dodge Ram pickup parked in Davis' parking spot on the day of the burglary, but neither of them could identify the driver. When Davis told police that Claiborne had a similar truck, the police got palm prints from him and found they matched those lifted from the sill at Davis' home.

Claiborne had a jury trial and was convicted on the burglary and theft charges. He was determined to be an habitual offender and sentenced to 25 years and 10 years respectively.

On appeal Claiborne argues the evidence was insufficient to support the verdict, contending that palm prints alone are insufficient proof of guilt. He points out that he admitted at trial he was outside Davis' apartment on the day of the burglary, but left when he found she was not home. He argues the only evidence tying him to the burglary was the palm prints which could have been placed there on a prior visit.

We do not reach the merits of the argument as appellant has failed to preserve the point for appeal. After the close of all the evidence and after the jury had been instructed, but before closing arguments, defense counsel asked if it was too late to renew his motions. The trial court said it would consider the motions as if they were timely and ruled they were denied. Closing arguments were then made and the jury was instructed to retire.

 A motion for directed verdict must be renewed at the end of the "close of the case." Ark. R. Crim. P. 36.21 (b). An attempt to renew a motion for directed verdict *after* the jury has been charged is not timely and is not in compliance with the rule. *Marshall* v. *State*, 316 Ark. 753, 875 S.W.2d 814 (1994); *Thomas* v. *State*, 315 Ark. 504, 868 S.W.2d 483 (1994). Here, the motion to renew was made after the jury had been instructed, and was too late.

Affirmed.