John BROWN *v.* STATE of Arkansas

CR 94-1395                                895 S.W.2d 909

Supreme Court of Arkansas
Opinion delivered April 3, 1995

*William R. Simpson, Jr.*, Public Defender by: *Kent C. Krause*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant John Brown appeals from convictions on two counts of aggravated robbery and one count of theft. His sentences total forty years imprisonment. Brown raises three points for reversal, but none has merit.

In his first argument, Brown challenges certain state evidence as being inadmissible hearsay. At trial, state witness, Charlotte Clark, testified that on November 26, 1993, she was working as a cashier at Delta Express in Little Rock, when a man entered the store demanding money. The man had his hand in his pants, and Clark had the impression he had a weapon. She further related that, Anjuanita Cunningham, another store clerk, refused the man's demands, and as the man left, he threatened to return to blow up the store. Clark said that Cunningham saw the man enter an old grey and silver Buick, and while watching him drive away, she called out the Buick's license plate to Clark, who wrote its numbers down on a piece of paper. During her direct testimony, Clark identified State's Exhibit 1 as being the slip of paper bearing the license plate numbers given her by Cunningham and Brown's counsel objected, stating the exhibit was inadmissible hearsay. The trial court overruled Brown's objection. On appeal, Brown urges the exhibit should have been excluded because it contained Cunningham's, not Clark's, perceptions which were written down by Clark, and Brown was unable to cross examine Cunningham regarding her reliability since she was not a witness.[1]

---

[1] We note that Brown never contends Cunningham was unavailable as a witness.

Clark's oral description of the license plate on the robber's vehicle as it left the scene was admissible under A.R.E. Rule 803(1) as a present sense impression. In *Marx* v. *State*, 291 Ark. 325, 724 S.W.2d 456 (1987), the court discussed Rule 803(1) as follows:

> A present sense impression is "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." A.R.E. Rule 803(1). A present sense impression must describe or explain the event the declarant is perceiving. D. Binder, *Hearsay Handbook*, 2nd Ed. § 101 (1983). The statement must be made while the event or condition is being perceived by the declarant. 4 Weinstein, *Evidence*, § 803(1)[01] (1985). The statement is required to be contemporaneous or near contemporaneous with the event. Binder, *supra.*

Here, Cunningham's contemporaneous statement describing the robber's actions, car and license plate numbers upon his leaving the crime scene falls within the present sense impression exception to the hearsay rule. Thus, the trial court did not abuse its discretion in allowing Clark's testimony relating Cunningham's descriptions and perceptions made at the time of the crimes.

Brown's second point concerns his pretrial motion in limine which requested the exclusion of anticipated trial testimony that officers had found marijuana at Brown's residence at the time of his apprehension. Brown argued simply that such testimony was irrelevant. The trial court agreed, and the state offered to caution witnesses not to mention the subject. Nonetheless, Officer Andy Garrett testified to Brown's arrest and the search of his residence, and when he mentioned finding two articles of Brown's clothing in the closet, the prosecutor asked the officer what he did with them. Garrett replied:

> I took these in custody and I stored them at the LRPD property department there until trial. I also found a small bag of green vegetable matter inside the green jeans, and which I also found $4.00 and some change like loose coins, assorted U.S. coins, inside the jeans.

Brown requested a mistrial which was denied, and on appeal, he argues the trial court's ruling was prejudicial error because Garrett's testimony was irrelevant and was introduced merely for the purpose of showing Brown to be a man of bad character in violation of A.R.E. Rule 404(b).

■ Trial courts are granted wide latitude of discretion in granting or denying a motion for mistrial, and the court's decision will not be reversed except for an abuse of that discretion or manifest prejudice to the complaining party. *Stanley* v. *State*, 317 Ark. 32, 875 S.W.2d 493 (1994). Among the factors we consider on appeal are whether the prosecutor deliberately induced a prejudicial response and whether an admonition to the jury could have cured any resulting prejudice. *Id.* Here, the prosecutor's questioning cannot be said to have elicited Garrett's reference to having found "a small bag of vegetable matter," and after Garrett's nonresponsive answer, Brown never requested a cautionary instruction or admonition to the jury. In these circumstances, we cannot say the trial court abused its discretion in denying Brown's motion for mistrial.

■■ Finally, Brown contends that, while the trial court correctly gave the lesser included instruction on robbery, it erred by failing to also instruct the jury on attempted aggravated robbery. Brown failed to proffer any such instruction and consequently, that argument is not preserved for appellate review. *Stewart* v. *State*, 316 Ark. 153, 870 S.W.2d 752 (1994).

For the reasons above, we affirm.