Cleotis WILLIS *v.* STATE of Arkansas

CR 95-1218                                            977 S.W.2d 890

Supreme Court of Arkansas
Opinion delivered October 1, 1998

[Petition for rehearing denied October 29, 1998.]

414

416

*Charles M. Kester*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly S. Terry*, Ass't Att'y Gen., for appellee.

RAY THORNTON, Justice. This case presents multiple challenges to our standards concerning preservation of claimed trial errors. After a jury trial, appellant Cleotis Willis was convicted of battery in the first degree and sentenced to thirty-two years' imprisonment. Appellant raises six points on appeal. Appellant does not controvert evidence that he cut the throat of the victim, Greg Williams, and kicked him, but he asserts that he acted in self-defense and that the State failed to prove the necessary *mens rea* of purposely inflicting injury to the victim. Appellant also seeks to raise numerous issues on appeal that were not presented to the trial court for decision, many of which have not been preserved for our review. Among those issues, appellant contends that we should expand the exceptions to the contemporaneous-objection rule articulated in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980), and grant a Rule 37 review on ineffective assistance of counsel even though that claim was not raised during trial nor addressed in appellant's motion for a new trial. We find no reversible error and affirm.

Appellant encountered the victim in a parking lot in El Dorado. The victim testified that appellant demanded money. The victim told appellant to "take the money" and attempted to flee. Appellant asserted at trial that he acted in self-defense because the victim had a knife; however, no other witness testified to seeing the victim with a knife, no knife was found, and the victim testified that he did not have a knife. It is not disputed that appellant cut the victim's throat from the left ear to the right ear with a four-and-a-half-inch knife, severing muscles and blood vessels and injuring his trachea. After the victim fell to the ground, appellant kicked him. Badly injured, the victim managed to escape to a nearby restaurant, where prompt attention followed by emergency medical care saved his life.

We first address the question of sufficiency of the evidence. Appellant admits that he cut the victim and kicked him, but he contends that these actions do not demonstrate the required *mens rea* to sustain a conviction for first-degree battery and that instructions should have been given for second-degree battery. We save until later the issue whether such instruction should have been given with respect to lesser-included offenses.

With regard to the sufficiency of the evidence to support a conviction for first-degree battery, it would appear that appellant's own concessions would resolve the issue in favor of the State had it been properly preserved for our review. However, appellant failed to renew his motion for a directed verdict at the close of all the testimony. After the jury had been instructed, appellant requested permission from the trial court to renew his motion for a directed verdict. Although appellant stated that he had not been afforded an opportunity to make the motion earlier, the abstract is silent as to when such a request had been previously made. The trial court allowed appellant to renew his motion for a directed verdict, and it considered and denied the motion. Closing arguments followed.

██ ██ Our rule provides that when there has been a trial by jury, a renewal of a previous motion for a directed verdict at the close of all the evidence preserves the issue of insufficient evidence for appeal. Ark. R. Crim. P. 33.1; *see also Hayes v. State,*

312 Ark. 349, 849 S.W.2d 501 (1993). We have previously stated that this renewal is more than a matter of mere form: it goes to the substance of the evidence arrayed against the criminal defendant. *Thomas v. State*, 315 Ark. 504, 508, 868 S.W.2d 483, 485-86 (1994). However, after the jury has been charged, it is too late to consider a motion to direct a verdict. *Rankin v. State*, 329 Ark. 379, 386, 948 S.W.2d 397, 401 (1997). We have held that a trial court's decision to consider and then deny a motion for a directed verdict made after the jury had been instructed, but before closing arguments, did not comply with the rule requiring that the motion be renewed at the close of the case and was therefore "too late." *Claiborne v. State*, 319 Ark. 602, 603, 892 S.W.2d 511, 512 (1995). Appellant's motion was similarly untimely, and the issue is not preserved for our review.

Second, appellant argues that the trial court erred by failing to instruct the jury on the lesser-included offenses of second-degree battery and failed self-defense. At trial, the court instructed the jury on first-degree battery and justification. No instruction was proffered regarding second-degree battery or a lesser offense, or regarding "failed self-defense." Furthermore, appellant did not object to the instructions. On appeal, appellant argues that the case falls within our narrowly crafted exceptions to the contemporaneous-objection rule and that we should therefore reach the merits of this point.

We do not consider this argument because appellant failed to object to the lack of the instruction and failed to proffer the instructions that he now argues it was error not to give. We have been constant in our requirement that counsel object and proffer an instruction in order to later appeal, and we have been hesitant to allow exceptions to this requirement. *See, e.g., Brown v. State,* 320 Ark. 201, 895 S.W.2d 909 (1995) (refusing to consider argument that the trial court failed to give an instruction on a lesser offense because the appellant failed to proffer the instruction to the trial court). Further, the failure to bring the alleged error to the trial court's attention does not fall within any of our extremely narrow and strictly guarded exceptions to the contemporaneous-objection rule. *See Wicks v. State,* 270 Ark. 781, 606 S.W.2d 366 (1980)(recognizing only four exceptions to the objec-

tion requirement: [1] death-penalty cases involving an error in a matter essential to the jury's consideration of the death penalty itself; [2] cases where the trial judge made an error of which the appellant had no knowledge; [3] cases where the trial judge neglected his or her duty to intervene; and [4] cases involving evidentiary errors that affected the appellant's substantial rights).

Appellant next contends that if the points he argues on appeal were not properly preserved for review, then the question of ineffective assistance of counsel should be considered during this appeal. It is well established that claims of ineffective assistance of counsel may not be raised on direct appeal unless the issue was considered by the trial court, as on motion for a new trial. *Reed v. State*, 323 Ark. 28, 29, 912 S.W.2d 929, 930 (1996). Additionally, the facts surrounding the claim must be fully developed, either during the trial or during other hearings conducted by the trial court. *Dodson v. State*, 326 Ark. 637, 642, 934 S.W.2d 198, 200 (1996). The reason for this rule is that an evidentiary hearing and finding as to the competency of appellant's counsel by the trial court better equips the appellate court on review to examine in detail the sufficiency of the representation. *Reed*, 323 Ark. at 29, 912 S.W.2d at 930.

Appellant concedes in his brief that he never raised an ineffective-assistance-of-counsel claim during trial, nor was this issue addressed in his motion for a new trial. Appellant contends on appeal that this court should "in the interest of judicial economy review this issue now." However, we have previously held that we will "in the interest of judicial economy" review claims of counsel's ineffectiveness on direct appeal *provided that* the allegation is raised before the trial court and that the facts and circumstances surrounding the claim have been fully developed. *Dodson*, 326 Ark. at 642, 934 S.W.2d at 200. Because the trial court did not consider the ineffectiveness of counsel during the trial or fully develop any findings on this point for this court to review, the issue should not be considered directly on appeal.

For his fourth point on appeal, appellant urges that because he had to use two of his peremptory challenges to strike venirepersons who should have been excluded for cause, he was

forced to allow an objectionable juror to be seated. Appellant asserts error in the trial court's denial of his motion to strike for cause, and in its failure to strike the seated juror for cause. We find no error and affirm.

During voir dire, potential juror Karen Howard made several statements that indicated that circumstances might sway her into determining that appellant was guilty and she described him to other venirepersons as "menacing." Appellant's counsel moved at that point for Ms. Howard to be excused for cause, and the trial court denied the motion after attempting to rehabilitate her. Finally, appellant's counsel exercised a peremptory strike to excuse Ms. Howard. Appellant's counsel also used a peremptory strike to excuse venireperson Betty Wooley, who was not excused for cause after, among other things, agreeing with the statement that because appellant had been charged, she believed that he was guilty.

We do not address this claim of error because it pertains to venirepersons that appellant excused through the use of his peremptory challenges. It is well settled that the loss of peremptory challenges cannot be reviewed on appeal. *See, e.g., Ferrell v. State,* 325 Ark. 455, 929 S.W.2d 697 (1990). The focus should not be on a venireperson who was peremptorily challenged, but on the persons who actually sat on the jury. *Pickens v. State,* 301 Ark. 244, 251, 783 S.W.2d 341, 345 (1990) (citing *Ross v. Oklahoma,* 487 U.S. 81 (1988)). Because Ms. Howard and Ms. Wooley were not seated on the jury, we need not consider whether they should have been struck for cause.

Appellant then argues that because he was forced to exercise two peremptory challenges on Ms. Howard and Ms. Wooley and exhausted his challenges, he had no challenges available to use to strike juror Nancy Beene, who had stated that she would have a problem with affording appellant the presumption of innocence. We have said that in order to challenge a juror's presence on appeal, the appellant must have exhausted his peremptory challenges and must show that he was forced to accept a juror who should have been excused for cause. *Berry v. St. Paul Fire & Marine Ins. Co.,* 328 Ark. 553, 569, 944 S.W.2d 838, 846 (1997).

Appellant must have asked the court to remove the juror for cause, and the court must have improperly denied the request.

■ With respect to Ms. Beene, during the initial stages of voir dire, appellant argued that Ms. Beene was not qualified to serve as a juror, on this case or any other, because she indicated that "the defendant has something to prove." The trial court did not disqualify Ms. Beene at this point, stating that it would explore her alleged bias if she was selected on the venire panel. The court then proceeded to call potential jurors in groups of three. After asking the three-member panel a series of questions, each attorney was allowed to request a strike for cause or to use a peremptory challenge. Not only did appellant not ask the court to strike Ms. Beene for cause, but when Ms. Beene was called, appellant's counsel explicitly responded, "*Defense has no challenges.*" Because appellant did not seek to strike Ms. Beene for cause, he cannot prevail in his argument that he was prejudiced because he was forced to accept her after exhausting his peremptory challenges.

For appellant's fifth assignment of error, he argues that during the State' case-in-chief and case-in-rebuttal, the State asked questions that required a witness to improperly comment on appellant's decision to exercise his constitutional right to remain silent, in violation of the United States Supreme Court's ruling in *Doyle v. Ohio*, 426 U.S. 610 (1976). In *Doyle*, a defendant chose to remain silent after the officers read him his *Miranda* rights. At trial, the defendant took the stand and offered an exculpatory explanation for his actions. *Id.* On cross-examination, the prosecutor asked Doyle why he did not come forward with his explanation at the time of his arrest. On appeal, the Supreme Court held that implicit in the *Miranda* warnings is the promise that a defendant's decision to remain silent will not be used against him at the time of trial: "[I]t would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial." *Id.* at 611. However, the *Doyle* rationale does not apply to the circumstances of this case, for the reasons outlined below.

Here, what appellant did or did not tell the officers at the time of his arrest was discussed four times at trial. First, during the

State's case-in-chief, the State asked Officer Hill what appellant said at the time of his arrest. Hill answered that appellant claimed that he had not robbed anyone and that he got into an argument with the victim. The State then asked whether appellant had made any statement about having been attacked. The defense made a *Doyle* objection, and after a bench conference, the State withdrew the question and continued with a different line of questioning.

We have stated that where no further mention was made at that time of the appellant's silence and the appellant requested neither an admonition nor a mistrial, no reversible error occurred. *Vick v. State*, 299 Ark. 25, 26, 770 S.W.2d 653, 654 (1989). Because the State withdrew this question, we conclude that the questioning did not violate the Court's decision in *Doyle*.

Later, appellant took the stand and claimed that he cut the victim in self-defense. During direct examination, appellant said that he told an officer who transported him to the crime scene that the victim had a knife. The State did not object to this line of questioning, and it appears that the defense opened the door as to what appellant did or did not tell the police at the time of his arrest. *See United States v. Fairchild*, 505 F.2d 1378 (5th Cir. 1975).

During cross-examination, appellant said that at the time of his arrest he told another officer that the victim had a knife. Appellant, however, did not tell this unnamed officer that the victim attacked him first or that he cut the victim in self-defense. Appellant then testified that while he was in custody, he told Officer Hill that he did not rob anyone and that the victim had a knife. Because appellant did not object to this line of questioning, this claimed error has not been preserved for our review.

Finally, after the defense rested, the State called Officer Hill as its rebuttal witness. The State asked Officer Hill about his conversation with appellant while he was in police custody. Officer Hill testified that appellant told him that he did not rob anyone and that he had an argument with the victim. Officer

Hill then testified that appellant did not say anything about the victim having a knife, the victim attacking him, or smoking crack cocaine with the victim prior to the attack. Appellant made a *Doyle* objection, which the court overruled. Appellant had opened the door to this line of questioning by his own testimony on direct examination concerning what he had and had not told the officers investigating the crime. *See Stephens v. State*, 290 Ark. 440, 720 S.W.2d 301 (1986). Appellant suffered no prejudicial error because he opened the door to this line of questioning and because the same or similar evidence was introduced at trial without objection.

For his final argument on appeal, appellant contends that "the preceding errors were compounded by the evidentiary and other errors by the Court which permeated the entire trial and sentencing." This appears to be a cumulative-error argument. We have previously held that an appellant asserting a cumulative-error argument must show that there were objections to the alleged errors individually and that the cumulative-error objection was made to the trial court and a ruling obtained. *Munson v. State*, 331 Ark. 41, 45, 959 S.W.2d 391, 392 (1998). As appellant's abstract does not demonstrate that he made a cumulative-error objection or motion, this issue has not been properly preserved for appeal.

Furthermore, the alleged errors considered individually do not warrant reversal. Appellant first argues that the trial court erred in denying his motion for a mistrial, which followed a statement by the trial court that appellant asserts was an incorrect statement of the law. During voir dire, appellant asked potential jurors if they would use his prior convictions as evidence of guilt. The State objected, and the trial court sustained the objection, stating in front of the jury that its "understanding of the law is that every juror can take into account every fact that is established to that juror's satisfaction." Appellant moved for a mistrial based on his assertion that this amounted to an incorrect statement of the law.

We have said that a mistrial is an extreme remedy that should only be used when the error is beyond repair and cannot

be corrected by any curative relief. *Turner v. State*, 325 Ark. 237, 245, 926 S.W.2d 843, 848 (1996). A trial court's decision to grant or deny a mistrial will not be disturbed absent a showing of an abuse of discretion. *White v. State*, 330 Ark. 813, 826, 958 S.W.2d 519, 525 (1997).

█ Pursuant to Ark. R. Evid. 609, once an accused takes the stand, his credibility may be impeached with prior felony convictions; however, the convictions may not be used as proof of guilt. *See McDaniel v. State*, 282 Ark. 170, 666 S.W.2d 400 (1984). Accordingly, the trial court's first statement, made in response to the State's objection to appellant's question, was incomplete and possibly misleading.

█ Even if the trial court made an incorrect statement of the law during voir dire, the court cured any error by instructing the jury fully and correctly on the applicable law at the close of the trial, including what evidence could be used for which purposes, as follows: "Evidence that a witness, including the defendant, Cleotis Willis, has been previously convicted of a crime or crimes may be considered by you for the purpose of judging the credibility of the witness, but not as evidence of the guilt of the defendant." Because the court instructed the jury on the proper use of appellant's prior convictions before it reached its guilty verdict, we conclude that the trial court did not abuse its discretion in denying the motion for a mistrial.

█ Appellant also asks this court to find reversible error in the court's denial of appellant's motion for a mistrial when the venire applauded the answer of one potential juror. The court denied the motion but admonished the venire. We affirm the trial court's denial of the mistrial because any error inflicted by the applause was cured by the trial judge's admonition. *Cf. Bradshaw v. State*, 206 Ark. 635, 176 S.W.2d 912 (1944) (concluding that any error that resulted from audience's applause during trial was corrected by trial court's curative instruction).

█ Appellant next contends that the State committed reversible error when it asked potential jurors if they could impose

the maximum sentence in the case. Appellant did not object to this question, thus failing to preserve this issue for appeal. *See, e.g., Mackey v. State,* 329 Ark. 229, 947 S.W.2d 359 (1997) (requiring a contemporaneous objection to preserve the issue whether previous convictions should have been considered in the sentencing phase at a bench trial); *Withers v. State,* 308 Ark. 507, 825 S.W.2d 819 (1992). The same is true for appellant's argument that the trial court's holding a hearing concerning the number of appellant's prior convictions in the presence of the jury was error. Because appellant failed to object to this hearing below, the issue is not preserved for our review.

Lastly, appellant argues that the trial court erred in refusing to allow a defense witness to testify that the victim had told him that he was going to smoke crack cocaine with appellant. Appellant asserts that the testimony was admissible to prove that the victim had acted in conformity with his stated intentions. However, the record reflects that the witness testified as follows without objection: "I guess they were going to smoke crack cocaine. I know that's what they were going to do."

We have consistently held that no prejudicial error has resulted where the same or similar evidence was otherwise properly introduced. *See, e.g., Morgan v. State,* 333 Ark. 294, 971 S.W.2d 219 (1998); *Jones v. State,* 326 Ark. 61, 931 S.W.2d 83 (1996). Under the circumstances, even if the exclusion was error, it was harmless because the testimony was ultimately admitted. We conclude that the trial court did not abuse its discretion in excluding the evidence, and we affirm on this point.

Affirmed.