Steve ELLIS *v.* STATE of Arkansas

CR 05-1116                                     233 S.W.3d 606

Supreme Court of Arkansas
Opinion delivered April 6, 2006

*Alvin Schay,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Misty Wilson Borkowski,* Ass't Att'y Gen., for appellee.

JIM HANNAH, Chief Justice. Appellant, Steve Ellis, appeals the judgment of the Clark County Circuit Court convicting him of first-degree murder in the shooting death of his wife, Vanessa Ellis, and sentencing him to life imprisonment. Ellis's points for reversal are that the circuit court erred in denying his motion for directed verdict and his motion for mistrial. Upon review of this case, we have determined that neither point is preserved for our review; thus, we do not reach the merits of Ellis's arguments and affirm. As Ellis was sentenced to a term of life imprisonment, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(2).

■ We first dispose of Ellis's argument that the circuit court erred in denying his motion for directed verdict. While Ellis admitted to police that he shot his wife three times while she rode with him in a van, at the close of the State's case, he moved for a directed verdict, arguing that the State had failed to prove that he had the requisite intent to commit first-degree murder. The motion was denied. After the jury was instructed but before it began deliberations, Ellis renewed his motion for directed verdict, which was again denied. A motion for directed verdict must be renewed at the close of all the evidence, *see* Ark. R. Crim. P. 33.1, and an attempt to renew the motion after the jury has been charged is not timely. *See, e.g., Robinson v. State*, 348 Ark. 280, 72 S.W.3d 827 (2002); *Rankin v. State*, 329 Ark. 379, 948 S.W.2d 397 (1997); *Webb v. State*, 326 Ark. 878, 935 S.W.2d 250 (1996); *Claiborne v. State*, 319 Ark. 602, 892 S.W.2d 511 (1995). According to our case law and court rules, the motion was untimely, and we cannot reach the merits of Ellis's sufficiency challenge. *See Robinson, supra.*

Ellis next argues that the circuit court erred in denying his motion for mistrial. The following colloquy occurred during the recross-examination of Ellis's ex-wife, defense witness Connie Ellis:

> PROSECUTOR: ... Isn't it true that you told me outside of this courtroom that you didn't want him to get out of jail? You're afraid of him.
>
> DEFENSE COUNSEL: Objection to relevance, your Honor.
>
> PROSECUTOR: Relevance is her motive —
>
> DEFENSE COUNSEL: We're not doing sentencing, your Honor. That question was completely inappropriate.

THE COURT: Sustained.

PROSECUTOR: Don't you think he has a drug problem and that's his problem, and a[n] alcohol problem and that's his problem?

DEFENSE COUNSEL: Asked and answered, your Honor.

THE COURT: Overruled.

PROSECUTOR: Don't you think that his problem is that he's got a drug and alcohol problem?

WITNESS: That's 2 of the problems.

PROSECUTOR: Which could be cured by him quitting, ceasing, using those substances.

WITNESS: He got one — he has some more deeper.

PROSECUTOR: Okay, but you don't have any training whatsoever in psychiatry or anything like this?

WITNESS: No, just living experience with him.

PROSECUTOR: Okay.

DEFENSE COUNSEL: May we approach?

THE COURT: Mr. LeVar.

DEFENSE COUNSEL: We'd move for a mistrial, based on his last question. The question to her about telling him outside the courtroom that she wanted him locked up for the rest of his life.

PROSECUTOR: That question was absolutely appropriate because she's sitting here testifying and it's appropriate to know what her motives are for her testimony and why she's saying what she's saying. There's nothing wrong with something that she said to me out there. To question why she's saying what she is now, and there's nothing wrong with that. That's not improper, and a mistrial is —

THE COURT: I'll deny the motion for a mistrial and note it for the record.

The State contends that Ellis's argument is not preserved for appeal because his motion for mistrial was untimely. We agree. This court has been resolute in holding that a motion for mistrial must be made at the first opportunity. *See, e.g., King v. State,* 361 Ark. 402, 206 S.W.3d 883 (2005); *Rodgers v. State,* 360 Ark. 24, 199 S.W.3d 625 (2004); *Ferguson v. State,* 343 Ark. 159, 33 S.W.3d 115 (2000). The reason for this is that a circuit court should be given an opportunity to correct any perceived error before prejudice occurs. *Rodgers, supra; Ferguson, supra.* Here, defense counsel did not make his motion for mistrial until the prosecutor had already asked three additional questions that were all unrelated to statements the witness made outside of the courtroom. Furthermore, defense counsel contemporaneously objected to the question, arguing that what the witness had told the prosecutor outside the courtroom was not relevant, and that objection was sustained. This court has previously held that it was proper to deny a motion for mistrial when the request was not made at the first opportunity, even though the motion had been preceded by defense objections sustained by the trial court. *See, e.g., Smith v. State,* 330 Ark. 50, 953 S.W.2d 870 (1997) (holding that it was proper to deny a motion for mistrial when the request was not made at the first opportunity, even though the motion had been preceded by two defense objections sustained by the trial court); *Dixon v. State,* 310 Ark. 460, 839 S.W.2d 173 (1992) (same); *Dumond v. State,* 290 Ark. 595, 721 S.W.2d 663 (1986) (holding that appellant's motion for mistrial based on State's nondisclosure of a fingerprint report was untimely where appellant did not make his objection at the first opportunity, but waited until after the testimony of the last witness and the State had rested). Here, as in *Smith, supra, Dixon, supra,* and *Dumond, supra,* defense counsel contemporaneously objected, and the objection was sustained, but he failed to move contemporaneously for a mistrial. Accordingly, it was not error for the circuit court to deny the motion as it was untimely made.

### 4-3(h) Review

In compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to the appellant, and no

prejudicial error has been found. We do note that, per Ellis's request in his notice of appeal, the record does not contain a transcript of general and individual voir dire. While we believe the better approach would be to provide this court with a complete record when a term of life imprisonment is imposed, *see O'Neal v. State*, 356 Ark. 674, 158 S.W.3d 175 (2004), pursuant to Ark. Sup. Ct. R. 3-4(b), the impaneling or swearing of the jury, the names of the jurors, or any motion, affidavit, order, or ruling in reference thereto is not transcribed unless expressly called for by a party's designation of the record. Because Ellis excluded general and individual voir dire from his notice of appeal and, thus, those matters were not transcribed, we are left to assume that there were no adverse rulings.

Affirmed.