

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–368

ANTONIO BRYLES

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered December 2, 2015

APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION [NO. 60CR-11-1509]

HONORABLE LEON JOHNSON, JUDGE

AFFIRMED

## PHILLIP T. WHITEAKER, Judge

Antonio Bryles was convicted by a Pulaski County jury of one count of rape and was sentenced by the court to twenty-five years in the Arkansas Department of Correction. He appeals his conviction, alleging that the trial court erred (1) in failing to excuse two jurors for cause and (2) in permitting a medical expert to testify that the victim's injuries were consistent with penile penetration. We affirm.

For his first two points on appeal, Bryles argues the trial court erred in denying his challenges for cause as to two jurors, Juror Blansett and Juror Bussell, because they could not conclusively state they could be impartial. For the reasons set forth below, Bryles's argument fails.

A brief recitation of the voir dire process is relevant to our determination. During voir dire, Bryles challenged two jurors, Juror Blansett and Juror Bussell, for cause. The trial court denied Bryles's motion as to Juror Blansett and granted his motion as to Juror Bussell. Bryles

SLIP OPINION

then exercised one of his peremptory challenges to strike Juror Blansett. As a result, neither of the two challenged jurors was seated on the jury. By the close of voir dire, Bryles had exhausted all peremptory challenges. Once jury selection was complete, the trial court inquired if the jury was satisfactory to the parties, and both the State and the defense replied that it was.

First, with regard to Juror Bussell, the record reflects that, in fact, the trial court did excuse Juror Bussell for cause. Thus Bryles's argument as to that juror is clearly without merit.

Second, Juror Blansett was also not seated on the jury. While the trial court did not strike Juror Blansett for cause as requested by the defense, Bryles exercised one of his peremptory strikes to remove him from the jury. An argument as to a venire person who was struck through the exercise of a peremptory challenge by either party is not a claim that may be raised on appeal. *See Jackson v. State*, 375 Ark. 321, 290 S.W.3d 574 (2009). The loss of peremptory challenges cannot be reviewed on appeal. *See id.* Instead, an appeal of this nature is focused on those who were actually seated on the jury. *Branstetter v. State*, 346 Ark. 62, 57 S.W.3d 105 (2001); *Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000); *Bangs v. State,* 338 Ark. 515, 998 S.W.2d 738 (1999); *Willis v. State*, 334 Ark. 412, 977 S.W.2d 890 (1998). Because Juror Blansett was not seated on the jury, Bryles presents no cognizable claim for relief.

Bryles next argues that the trial court erred in allowing a medical expert, Dr. Farst, to testify that the victim's injury was consistent with penile penetration. He claims that this

2

testimony was unfairly prejudicial and should have been excluded under Rule 403 of the Arkansas Rules of Evidence. More specifically, he complains that (1) Dr. Farst could not testify that the injuries were, in fact, caused by penile penetration and that any opinion to that effect was simply speculation, and (2) Dr. Farst could not state within a reasonable degree of medical certainty that the injuries were caused by penile penetration as opposed to some other penetrating trauma. As a result, he argues that there was little probative value to her testimony.

Trial courts have wide discretion in their evidentiary rulings, and there must be an abuse of discretion, as well as a showing of prejudice, to justify reversal of that decision. *McCoy v. State*, 354 Ark. 322, 123 S.W.3d 901 (2003). According to Arkansas Rule of Evidence 401 (2015), relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." All relevant evidence is admissible, except as otherwise provided by the rules. Ark. R. Evid. 402 (2015). Under Arkansas Rule of Evidence 403 (2015), evidence that is otherwise admissible may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." With these standards in mind, we now turn to a review of the evidence.

In March 2011, Little Rock police were dispatched to Arkansas Children's Hospital with a report of possible sexual assault. The alleged victim, eight-year-old M.P., had been

brought to the hospital by her mother after M.P. disclosed that Bryles had sexually abused her. Dr. Karen Farst, a fellowship-trained child-abuse pediatrician, performed a physical examination of the child. Because M.P. had reported that her genital area and mouth had been touched by the perpetrator's genitalia, Dr. Farst conducted a more detailed examination, concentrating on the genital and anal area of the child. Her examination revealed an abnormality, or notch, in the child's hymen consistent with a history of penetrating trauma.

Prior to trial, Bryles moved to exclude the testimony. At the hearing on the motion, Dr. Farst testified that the physical exam of M.P. revealed a transection of the hymen at the 7 o'clock position. This indicated that M.P had healed from a previous penetration-type injury. Dr. Farst could not identify the penetrating trauma, but stated that it was very rare that this injury would be caused by anything other than sexual assault. On cross-examination, however, Dr. Farst admitted that it was not possible to determine within a degree of medical certainty what caused the penetrating injury and that she could not determine the size of the object used to cause the injury or the frequency that would have caused it.

At the conclusion of the hearing, counsel for Bryles moved to exclude Dr. Farst's testimony because (1) she could not provide an opinion within a reasonable degree of medical certainty whether the injury was accidental or intentional, and (2) her testimony was inadmissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The State responded that the testimony need not be based on a "reasonable degree of medical certainty" standard and that *Daubert* did not apply because her opinion was not based on a new or novel theory or methodology. Finally, the State argued that Dr. Farst's opinion that M.P.'s injury

was consistent with intentional penetration and with sexual abuse was admissible because, while it embraced the ultimate issue, it did not mandate a legal conclusion by the jury. The court, noting that it had discretion in determining whether to allow the evidence, denied the motion to exclude Dr. Farst's testimony.

Based on the court's ruling, Dr. Farst also testified at trial over the renewed objection of defense counsel. She testified to the injuries she observed during her examination of M.P., including the injury to M.P.'s hymen. She stated that M.P.'s injuries were the result of a penetrating trauma, as opposed to a blunt-force trauma. She admitted that she could not identify what had caused the penetration but opined that her injuries were consistent with having a penis inserted into her vagina.[1]

We find no merit to Bryles's argument that the trial court erred in permitting a medical expert to testify that the victim's injuries were consistent with penile penetration. Here, Dr. Farst merely testified that M.P.'s injury was caused by a penetrating trauma and was consistent with penetration by a penis into M.P.'s vagina. Existing Arkansas law allows such testimony because, although it embraces the ultimate issue, it does not mandate a legal conclusion. *Turbyfill v. State*, 92 Ark. App. 145, 211 S.W.3d 557 (2005). Clearly, this evidence was relevant, and we are not persuaded that it was unfairly prejudicial. Here, while Dr. Farst admitted that other penetrating traumas could have caused M.P.'s injury, such evidence goes to the weight of her testimony, not the admissibility of it. The trial court considered Dr.

---

[1] M.P. also testified that Bryles would lie with his stomach on top of her and he would push his "middle part" inside her "private part" and "go in and out." Bryles testified in his own defense and denied raping M.P. We will not recite the testimony or other evidence in detail because Bryles makes no sufficiency argument.

SLIP OPINION



Farst's testimony, as well as the arguments of counsel, and determined that the evidence was admissible. Its doing so was not an abuse of discretion.

Affirmed.

VIRDEN and HARRISON, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Driver Younger*, Ass't Att'y Gen., for appellee.