Cite as 2025 Ark. App. 18

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-24-125

| | |
|---|---|
| | **Opinion Delivered** January 15, 2025 |
| ZACHARY SHIPLEY | |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT |
| V. | [NO. 66FCR-23-595] |
| | |
| STATE OF ARKANSAS | HONORABLE STEPHEN TABOR, JUDGE |
| APPELLEE | |
| | MOTION TO WITHDRAW DENIED; REBRIEFING ORDERED |

## KENNETH S. HIXSON, Judge

Appellant Zachary Shipley was convicted in a jury trial of possession of more than two grams but less than twenty-eight grams of psilocybin mushrooms in violation of Ark. Code Ann. § 5-64-419(b)(2)(B) (Supp. 2023). For this conviction, Shipley was sentenced as a habitual offender to fifteen years in prison. Shipley now appeals.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b) of the Rules of the Arkansas Supreme Court, Shipley's counsel has filed a no-merit brief and a motion to withdraw on the grounds that this appeal is without merit. Shipley was provided with a copy of his counsel's brief and notified of his right to file a list of pro se points for reversal, but he has filed no points.

Rule 4-3(b)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal." Because Shipley's counsel's brief fails to address all the adverse rulings, we must order rebriefing.

The testimony at trial showed that on June 18, 2023, a man made a 911 call stating that he was "having a bad trip" and that he could not find his roommate and thought his roommate may be hurt. As a result of the 911 call, police officers and other emergency personnel were dispatched to the house where the call had been made.

When the police arrived, they encountered Shipley in the street outside the house. Officer Tucker Phelps testified that Shipley was acting erratically, slurring his speech, and appeared to be under the influence of some kind of substance. According to Officer Phelps, with no questioning from the police, Shipley stated, "I'm high on 'shrooms and the drugs are inside my house." Officer Phelps testified that Shipley kept repeating that he was high on "'shrooms." The police searched the house, and underneath a couch cushion they found a plastic baggie containing suspected psilocybin mushrooms. Shipley told the officers that the mushrooms belonged to him. The suspected drugs were transported to the Arkansas State Crime Laboratory, and forensic chemist Rebekah Manger tested the mushroom material and found that it contained psilocybin and weighed 7.2578 grams. On the basis of this evidence, the jury convicted Shipley and sentenced him to fifteen years in prison.

In Shipley's counsel's no-merit brief, counsel states that Shipley did not move for a directed verdict below and states further that there is not a single adverse ruling in the record. Counsel states that, as such, there are no points to discuss in the no-merit brief. We agree that Shipley did not move for a directed verdict; therefore, there can be no challenge to the sufficiency of the evidence on appeal. *See* Ark. R. Crim. P. 33.1(a) & (c). However, Shipley's counsel's assertion that there were no adverse rulings is incorrect, as we have identified two adverse rulings that must be discussed in the no-merit brief.

The first adverse ruling concerns Shipley's failure to appear at a pretrial hearing and the resulting relief requested by the State. At supplemental record transcript pages 5–8, the State requested a bench warrant and a bond forfeiture with a new bond in the amount of $5000 cash due to Shipley's failure to appear. The trial court granted that request and stated, "Bond forfeiture ordered, bench warrant issued, $5000 cash on the bond." At the ensuing pretrial hearing, Shipley did appear, and it was established that his original bond had been "$1000 legally sufficient." At that hearing, the trial court stated, "Tell you what I'm going to do, he will have to make an additional legally sufficient bond in the amount of $1500 on the FTA warrant. I will change it from $5000 cash to $1500 legally sufficient."

The next adverse ruling occurred after Shipley had been convicted and the jury announced its fifteen-year sentence. At record transcript pages 107–08, Shipley asked if he "could be placed on ADC bond and an ankle monitor until transportation to the unit." The trial court denied that request, and Shipley was taken into custody.

Because Shipley's counsel's brief has failed to discuss the adverse rulings identified above, counsel's brief is deficient, and we must deny his motion to withdraw. The list of deficiencies we have identified should not be considered exhaustive, and counsel is encouraged to review *Anders*, *supra*, and Rule 4-3(b) for the requirements of a no-merit brief. Shipley's counsel has fifteen days from the date of this opinion to file a compliant substituted brief. *See* Ark. Sup. Ct. R. 4-4(g)(2)(C). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to Shipley, and he will have thirty days to raise any pro se points pursuant to Rule 4-3(b)(2). In the event pro se points are submitted, the State will also be given an opportunity to file a response brief.

Motion to withdraw denied; rebriefing ordered.

BARRETT and BROWN, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

One brief only.