Cite as 2025 Ark. App. 257

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-24-125

| | |
|---|---|
| | **Opinion Delivered** April 23, 2025 |
| ZACHARY SCOTT SHIPLEY<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FCR-23-595]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED; MOTION GRANTED |

**KENNETH S. HIXSON, Judge**

Appellant Zachary Shipley was convicted in a jury trial of possession of more than two grams but less than twenty-eight grams of psilocybin mushrooms in violation of Ark. Code Ann. § 5-64-419(b)(2)(B) (Supp. 2023). For this conviction, Shipley was sentenced as a habitual offender to fifteen years in prison. Shipley now appeals from his conviction, and we affirm.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b) of the Rules of the Arkansas Supreme Court, Shipley's counsel has filed a no-merit brief and a motion to withdraw on the grounds that this appeal is without merit.[1] Shipley's counsel's motion was

---

[1]This is appellant's counsel's second no-merit appeal. In the first, *Shipley v. State*, 2025 Ark. App. 18, we held that counsel failed to comply with Ark. Sup. Ct. R. 4–3(b), and we denied counsel's motion to withdraw and ordered rebriefing.

accompanied by a brief discussing all matters in the record that might arguably support an appeal, including any objections and motions made by appellant and denied by the trial court, and a statement of the reason each point raised cannot arguably support an appeal. Shipley was provided with a copy of his counsel's brief and notified of his right to file a list of pro se points for reversal, but he has filed no points.

The testimony at trial showed that on June 18, 2023, a man made a 911 call stating that he was "having a bad trip" and that he could not find his roommate and thought his roommate may be hurt. As a result of the 911 call, police officers and other emergency personnel were dispatched to the house from where the man had made the call.

When the police arrived, they encountered Shipley in the street outside the house. Officer Tucker Phelps testified that Shipley was acting erratically, was slurring his speech, and appeared to be under the influence of some kind of substance. According to Officer Phelps, with no questioning from the police, Shipley stated, "I'm high on 'shrooms and the drugs are inside my house." Officer Phelps testified that Shipley kept repeating that he was high on "shrooms." The police searched the house, and underneath a couch cushion they found a plastic baggie containing suspected psilocybin mushrooms. Shipley told the officers that the mushrooms belonged to him. The suspected drugs were transported to the Arkansas State Crime Laboratory, and forensic chemist Rebekah Manger tested the mushroom material and found that it contained psilocybin and weighed 7.2578 grams. The jury considered this evidence, convicted Shipley, and sentenced him to fifteen years in prison.

In Shipley's counsel's no-merit brief, counsel correctly states that Shipley did not move for a directed verdict below. Because Shipley did not move for a directed verdict, there can be no challenge to the sufficiency of the evidence on appeal. *See* Ark. R. Crim. P. 33.1(a) and (c).

Shipley's counsel has identified and discussed the only two adverse rulings below. Further, Shipley's counsel has explained why neither point could arguably support an appeal.

The first adverse ruling concerned Shipley's failure to appear at a pretrial hearing. When Shipley failed to appear, the State requested a bench warrant and a bond forfeiture with a new bond in the amount of $5000. The trial court granted that request and stated, "Bond forfeiture ordered, bench warrant issued, $5000 cash on the bond." At the ensuing pretrial hearing, Shipley did appear, and it was established that his original bond had been "$1000 legally sufficient." Shipley requested that the failure-to-appear warrant be recalled, and the State objected. At that hearing the trial court stated, "Tell you what I'm going to do, he will have to make an additional legally sufficient bond in the amount of $1500 on the FTA warrant. I will change it from $5000 cash to $1500 legally sufficient."

Shipley's counsel states that there can be no meritorious ground for reversal challenging the pretrial bond decision, and we agree. Shipley's counsel cites *Cummings v. State*, 2017 Ark. App. 573, 534 S.W.3d 155, where we held that once an appellant has been found guilty and is incarcerated, the issue of pretrial bond is moot. We stated further in *Cummings* that the proper means to challenge a bond decision is by a writ of certiorari, and a party who does not seek a timely writ of certiorari from a bond decision abandons the issue.

3

Because Shipley did not file a writ of certiorari, the pretrial-bond issue was abandoned, and as stated by Shipley's counsel, the issue is now moot. Thus, this adverse ruling provides no meritorious ground for reversal.

The other adverse ruling occurred after Shipley had been convicted and the jury announced the fifteen-year sentence. Shipley asked if he "could be placed on ADC bond and an ankle monitor until transportation to the unit." The trial court denied that request, and Shipley was taken into custody.

Shipley's counsel states that there can be no meritorious ground for reversal challenging the postconviction-bond decision on direct appeal, and we agree. Shipley's counsel cites *Walley v. State*, 353 Ark. 586, 112 S.W.3d 349 (2003), where the supreme court held that the appropriate vehicle for postconviction-bond relief is a writ of certiorari as opposed to a direct appeal. The *Walley* court stated further that any ruling on direct appeal with respect to postconviction bond would afford no relief to the appellant, and the issue was therefore moot. Here, again, Shipley did not file a writ of certiorari with respect to the denial of his postconviction-bond request, and the issue is now moot. Thus, this adverse ruling provides no meritorious ground for reversal.

Having reviewed the record and the brief presented, we conclude that there has been compliance with Rule 4–3(b) and that this appeal is without merit. Accordingly, appellant's counsel's motion to be relieved is granted, and appellant's conviction is affirmed.

Affirmed; motion granted.

VIRDEN and BROWN, JJ., agree.

4

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

One brief only.