Cite as 2025 Ark. 46
# SUPREME COURT OF ARKANSAS
No. CR-24-157

ELIZABETH HAYNIE

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered:** April 24, 2025

APPEAL FROM THE OUACHITA COUNTY CIRCUIT COURT
[NO. 52CR-21-272]

HONORABLE EDWIN KEATON, JUDGE

AFFIRMED.

**BARBARA W. WEBB, Justice**

Appellant Elizabeth Haynie shot and killed her husband, Jerome Haynie. She was convicted of first-degree murder and sentenced to life imprisonment plus an additional fifteen years for a firearm enhancement. On appeal, Haynie argues (1) that the State failed to present sufficient evidence to negate her justification defense and (2) that the circuit court erred by admitting two photographs taken at the murder scene. We affirm.

## I. *Background*

On September 6, 2021, Ouachita County Sheriff Deputy Derrick Aplin responded to a call at a house on Highway 24. At the house, Deputy Aplin first encountered a male child in the carport who informed him that his father had been shot. He then encountered a hysterical Haynie who stated that her husband needed an ambulance. Deputy Aplin found Jerome lying dead on the floor in the back bedroom. A Glock handgun was lying near the body. When asked what happened, Haynie said, "We were arguing. We keep a gun there

on the gun cabinet. And he was pushing me. We were arguing. And I grabbed it and he pushed me and it went off."

Dr. Jennifer Forsyth, a forensic pathologist with the Arkansas State Crime Laboratory, performed the autopsy on Jerome. She concluded the cause of death to be gunshot wounds to the head and the chest. Zachary Elder, a firearm and toolmark examiner with the state crime lab examined the Glock handgun, bullets, and shell casings found at the crime scene. He concluded that the shell casings had been fired from the Glock.

At trial, Haynie pursued a justification defense. She adduced evidence that she suffered physical abuse from Jerome throughout their marriage. Haynie explained that on the night of the murder, she and Jerome began fighting after she refused to perform a sexual act. According to Haynie, Jerome hit her in the face and started choking her. He then threatened to kill Haynie and their children. She added that she grabbed a handgun before Jerome could get it, the two fought, and then the gun went off twice.

Through the testimony of Captain David Pennington, the State moved to introduce two photographs of a suitcase located in the closet where one of the shell casings was found. Haynie objected to the introduction of these photographs, arguing that they were irrelevant and potentially misleading. The State responded, asserting that the photographs were relevant to Haynie's motive. The prosecuting attorney explained that evidence of the packed suitcase indicated Jerome was planning to leave Haynie. The circuit court admitted the photographs over Haynie's objection.

Haynie moved for a directed verdict at the close of the State's case. She argued that the State failed to present sufficient evidence that she purposely killed Jerome. The State

noted that two separate shots had been fired, indicating the shooting was not an accident. The circuit court denied the motion. After the defense rested, Haynie renewed her directed-verdict motion on the same grounds. The motion was again denied.

Haynie was subsequently convicted of first-degree murder and sentenced to life imprisonment plus fifteen years with the firearm enhancement. Haynie appeals. She argues (1) that the State failed to negate her justification defense and (2) that the circuit court erred by admitting the suitcase photographs.

## II. *Discussion*

### A. Sufficiency of the Evidence

For her first point, Haynie argues that insufficient evidence supports her first-degree-murder conviction because the State failed to negate her justification defense. However, this argument is unpreserved for our review.

Arkansas Rule of Criminal Procedure 33.1(a) provides that "[i]n a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence." A directed-verdict motion "shall state the specific grounds therefor." Ark. R. Crim. P. 33.1(a). A defendant is bound by the scope and nature of his directed-verdict motion at trial and cannot change the ground on appeal. *White v. State*, 2023 Ark. 90, 667 S.W.3d 533. Specifically, we have held that an argument that the State failed to negate self-defense was unpreserved when the appellant made only a general motion to the circuit court and did not specify how the State's proof was insufficient to meet its burden. *Kinsey v. State*, 2016 Ark. 393, at 9, 503 S.W.3d 772, 778.

3

Here, Haynie did not make even a general motion that the State failed to negate self-defense. Rather, Haynie argued in her motion that the State did not prove she purposely killed Jerome, contending, "There hasn't been any evidence or testimony as to purpose." Haynie was confined to this argument on appeal, which she declined to raise. As such, her argument regarding justification is unpreserved for our review. *See Bridges v. State*, 2023 Ark. 157, at 4, 676 S.W.3d 275, 278 (declining to address a justification argument that was not raised in a directed-verdict motion).

## B. Admission of Photographs

Haynie next argues that the circuit court erred by admitting photographs of a suitcase in the closet where one of the shell casings was found. She contends that the photographs are irrelevant and misleading.

The admission of photographs is a matter left to the circuit court's sound discretion, and we will not reverse absent an abuse of that discretion. *Collins v. State*, 2020 Ark. 371, 610 S.W.3d 653. Evidence is relevant if it has the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ark. R. Evid. 401. Photographs may be admissible if they assist the trier of fact by shedding light on some issue, or by proving a necessary element of the case. *See Smith v. State*, 2024 Ark. 161, 699 S.W.3d 92.

The State sought to introduce the photographs as evidence of state of mind and intent. In particular, the State asserted that the packed suitcase indicated Jerome was planning to leave and that Haynie shot and killed him in response. This evidence goes to the State's burden of proving a necessary element of first-degree murder—purpose. Ark. Code Ann. §

4

5-10-102(a)(2) (Repl. 2024). Accordingly, the circuit court did not abuse its discretion by admitting the photographs.

### III. *Rule 4-3(a) Review*

In compliance with Arkansas Supreme Court Rule 4–3(a), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to Haynie. No prejudicial error has been found.

Affirmed.

Special Justice BILENDA HARRIS-RITTER joins.

WOOD, J., concurs.

BRONNI, J., not participating.

**RHONDA K. WOOD, Justice, concurring.** I join the majority's disposition but would affirm the admission of the photographs for a different reason. At trial, Haynie objected to photographs of the victim's closet and a suitcase in that closet based on relevance—in other words, the evidence did not meet the requirements of Arkansas Rule of Evidence 401. The State responded that the pictures were relevant to motive. The State's theory was that the victim had packed a suitcase and must have been leaving his wife, Haynie. A picture of the suitcase could prove Haynie was the aggressor in the violence that led to the victim's death. Haynie replied that no foundation or other testimony supported this inference. The circuit court admitted the photographs over Haynie's objection.

On appeal, Haynie argues that the evidence was prejudicial. She argues that applying Rule 403 should result in a finding that the photographs were more prejudicial and led to confusion, outweighing any probative value. This argument differs from the one made at

trial. A party is bound by the scope and nature of the argument made below; a party cannot make a new argument for the first time on appeal. *Wilder v. State*, 2023 Ark. 137, at 6, 675 S.W.3d 424, 428. I would accordingly affirm on this basis.

That said, although I am uncertain whether the circuit court's decision would rise to abuse of discretion, I too, see little probative value in the admission of these photographs. This is not a *Qualls v. State* scenario where the photograph showed the defendant on a bed surrounded by stacks of money, and the defendant was charged with possession with intent to sell. 306 Ark. 283, 285, 812 S.W.2d 681, 683 (1991). Linking the picture of a packed suitcase to Haynie's intention to commit first-degree murder would have been conjectural. In these situations, we should tread carefully.

For these reasons, I concur.

*Sharon Kiel*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.