Cite as 2025 Ark. App. 352

# ARKANSAS COURT OF APPEALS
## DIVISION I
No. CR-24-457

|  |  |  |
|---|---|---|
| ALAN STRONG | | Opinion Delivered June 4, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE LITTLE RIVER COUNTY CIRCUIT COURT [NO. 41CR-23-86] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BRYAN CHESSHIR, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION GRANTED |

**BART F. VIRDEN, Judge**

A Little River County jury convicted appellant Alan Strong of delivering less than two grams of methamphetamine. He was sentenced to ten years' imprisonment and fined $7,500. Strong's sentence was enhanced by ten years for committing the offense within one thousand feet of a city park, with that term of imprisonment running consecutively to the term for the underlying conviction. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b) of the Rules of the Arkansas Supreme Court and Court of Appeals, Strong's counsel has filed a no-merit brief and a motion to withdraw asserting that there is no issue of arguable merit to raise on appeal. The clerk of this court sent Strong a copy of his counsel's brief and motion, informing him of his right to file pro se points for reversal. Although he submitted points, they were not

timely submitted along with the required affidavit, so we do not consider Strong's pro se points for reversal.[1] We affirm Strong's conviction and grant counsel's motion to withdraw.[2]

A no-merit appeal requires that the argument section of counsel's brief contain a list of all rulings adverse to the defendant made by the trial court on all objections, motions, and requests together with an explanation as to why each is not a meritorious ground for reversal. *Skaggs v. State*, 2023 Ark. App. 325, 670 S.W.3d 811. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Id.* Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.*

## I. *Background*

Zane Butler testified that on June 1, 2022, he was an officer with the Ashdown Police Department and worked part time with the drug task force. He stated that he worked with a confidential informant, Thomas McCandless, to arrange a controlled drug buy from Strong. Both Butler and McCandless testified about the transaction. Butler gave McCandless $40 to purchase "a little bit" of methamphetamine from Strong. McCandless met Strong in his vehicle in the parking lot of the apartment complex where Strong lived, which was across the street from Foreman City Park. The State introduced an aerial-view photo of the area showing where the transaction took place in relation to the park. Moreover, Butler said that the ditch where the

---

[1]Strong submitted neither the verified affidavit nor a motion to file belated points for reversal, although he was notified by the clerk of the necessity of submitting both.

[2]Strong's appellate counsel was not his trial counsel.

park begins was only 141 feet from the front steps of Strong's apartment building, and McCandless said that the distance between the transaction and the park was about thirty yards. The transaction was recorded on a cellphone held by McCandless, and Butler watched the transaction from his vehicle on the other side of the park where he had been surveilling Strong. Both the video from the cellphone and still photos from that video depicting Strong holding the money and the methamphetamine were introduced into evidence at trial.

II. *Adverse Rulings*

A. Sufficiency of the Evidence

We address a challenge to the sufficiency of the evidence before reviewing allegations of other trial errors. *Burns v. State*, 2024 Ark. App. 329, 690 S.W.3d 133. The trial court denied counsel's directed-verdict motion at the close of the State's evidence and again when the motion was renewed. A motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Gregory v. State*, 2025 Ark. App. 164, 708 S.W.3d 844. In reviewing this challenge, we view the evidence in a light most favorable to the State and consider only the evidence that supports the conviction. *Id.* We will affirm the verdict if substantial evidence supports it. *Id.* Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.*

Counsel moved for a directed verdict, arguing that there was insufficient evidence to establish that Strong was the person who sold the methamphetamine. Both Butler and McCandless identified Strong in court without objection as the man who had sold methamphetamine to McCandless, and they identified him as the same person shown in the video and photos exchanging methamphetamine for money. The jury clearly found Butler's and

3

McCandless's identification of Strong credible. *Cave v. State*, 2017 Ark. App. 212, 518 S.W.3d 134 (recognizing that testimony of confidential informant need not be corroborated by officer's testimony to be sufficient to convict when jury was aware of informant's background and gave informant's testimony full credence). Because substantial evidence supports Strong's conviction, we agree with counsel that there is no meritorious basis for an appeal based on the sufficiency of the evidence.

## B. Denial of Bond Reduction

Strong sought to reduce his bond, and the trial court refused on two separate occasions. When Strong first requested a reduction, the trial court denied the request, noting that it had already reduced his bond from $25,000 to $10,000. When he requested a reduction for the second time, the trial court denied it and pointed out that Strong was facing two charges with a total bond of only $12,000, which was "very reasonable." Once an appellant has been found guilty and is incarcerated, the issue of pretrial bond is moot. *Shipley v. State*, 2025 Ark. App. 257. Moreover, the proper means to challenge a bond decision is by a writ of certiorari, and a party who does not seek a timely writ of certiorari from a bond decision abandons the issue. *Id.*

## C. Introduction of the Video

Before trial, counsel objected to the State's introducing a video that showed Strong selling methamphetamine to McCandless. Counsel stated that McCandless had "signed a document saying that it's a violation of his parole or whatever if he works with the police, and we move to prevent the video from coming in because of the fact that he's a convicted felon." The trial court stated that whether McCandless was violating his parole had no bearing on admissibility of the video. Counsel then stated that it was against the law for a convicted felon

4

to work with the police. The trial court asked for authority to support that position, and counsel eventually conceded that he had no such authority. Appellate counsel states that he has since found no authority and points out that trial counsel also did not produce any document to support the assertion that McCandless violated his parole conditions by working with the police. Moreover, because counsel did not raise a contemporaneous objection when the State sought to introduce the video at trial, his objection was waived. *Ward v. State*, 370 Ark. 398, 260 S.W.3d 292 (2007). Counsel argues that, in any event, any error would be harmless given that the evidence was cumulative to other evidence showing that Strong sold methamphetamine to McCandless. For example, both Butler and McCandless testified to the drug transaction. Our courts have refused to find prejudicial error when the evidence in question was merely cumulative to evidence otherwise admitted at trial. *Camp v. State*, 66 Ark. App. 134, 991 S.W.2d 611 (1999).

## D. Juror's Nephew Who Overdosed

During voir dire, a prospective juror said that her nephew had died of a drug overdose. Counsel objected to the prosecutor's question as to what substance the nephew was addicted, stating, "That's a little bit too far into it. She stated that it was an overdose and that's good enough." At the bench, the prospective juror answered that her nephew had been addicted to "an array of drugs," including methamphetamine. She said, however, that she could be fair, and she served as a juror. We have said that in order to challenge on appeal a juror's presence on the panel, the appellant must have exhausted his peremptory challenges and must show that he was forced to accept a juror who should have been excused for cause. *Willis v. State*, 334 Ark. 412, 977 S.W.2d 890 (1998). Appellant must have asked the court to remove the juror for cause, and

5

the court must have improperly denied the request. *Id*. Here, counsel did not move to strike the prospective juror. Moreover, the prospective juror made the comment about her nephew out of the presence of other potential jurors, and there is no indication that the juror's service on the jury affected the outcome of the trial. *Nelson v. State*, 2024 Ark. 24, 683 S.W.3d 177 (noting that the appellate courts will not reverse for nonprejudicial errors in jury selection). We agree with counsel that there is no meritorious basis for an appeal of this issue.

D. Introduction of Aerial-View Photo

When the State sought to introduce the aerial-view photo, counsel objected to its authenticity. Counsel said that he had "no idea" where the photo came from, to which Butler clarified that he had asked an agent from the Arkansas State Police to use his police-issued drone to take the photo. Butler testified that he does not have a drone but that he "very clearly" recognized the area through personal knowledge. Counsel nevertheless continued to object to the photo's authenticity because the person who had taken the photo did not testify at trial. The trial court permitted a brief voir dire of Butler but overruled the objection, stating that the witness had testified that the photo accurately depicted the area.

The admission of photographs is a matter left to the trial court's sound discretion, and we will not reverse absent an abuse of that discretion. *Haynie v. State*, 2025 Ark. 46, 709 S.W.3d 46; *see Owens v. State*, 363 Ark. 413, 214 S.W.3d 849 (2005) (holding that still photographs taken from surveillance camera's videotape were properly authenticated when witness testified that they accurately depicted scene at convenience store). Butler and McCandless testified that the drug transaction occurred within one thousand feet of a city park, but the aerial-view photo

provided perspective, which was helpful to the jury. Even if the trial court had abused its discretion, admission of this evidence was harmless because it was cumulative. *Camp, supra.*

### E.  Confidential Informant's Testimony

Counsel objected to McCandless's testimony but only after he had testified. A contemporaneous objection is required to preserve an issue for appeal. *Gadsden v. State*, 2019 Ark. App. 153, 570 S.W.3d 527 (holding that argument that trial court abused its discretion admitting testimony was not preserved for appeal because Gadsden did not make a contemporaneous objection during the witness's testimony). Even had the argument been preserved, Butler testified without objection that Strong sold methamphetamine to McCandless. Thus, any error would have been harmless. Evidence that is merely cumulative or repetitious of other evidence admitted without objection cannot be claimed to be prejudicial. *Barnum v. State*, 2020 Ark. App. 523, 614 S.W.3d 453.

### F.  Closing Arguments

During closing argument, counsel said, "Now if you find him guilty of delivery of a controlled substance, even that small amount, you can sentence him up to ten years in prison. Okay?" The trial court interrupted counsel to say that "punishment is not to be considered at this stage." The trial court further stated,

> You're arguing time. I don't care what you're saying. If you want to argue why they shouldn't find him guilty of something, that's one thing, but to sit here and say he's facing up to ten years for one and you're going to argue about what he's going to have to get on top of it for another, that's not proper, not in the guilt phase. It's not, unless you can tell me otherwise. Can you?

Counsel confirmed that he *could* argue about the fact that the transaction occurred next to the park, and counsel then said that McCandless had picked the location for the drug

transaction—not Strong. We will not reverse the action of a trial court in matters pertaining to the propriety of closing arguments of counsel in the absence of manifest abuse of discretion. *Parnell v. State*, 2025 Ark. App. 102.

## G. Jury Instructions at Sentencing

While the trial court was instructing the jury during the sentencing phase, the foreperson asked whether it was true that Strong was "going to get three to ten whichever way we go," and the trial court said that the verdict form would show that the jury could give Strong three to ten years in prison, or a fine up to $10,000, or both a fine and a term of years. After the foreperson said that "made sense," counsel said, "Your Honor, I want to make sure they understand that the term of years on the ten that I was talking about is ten years to serve—" The trial court stopped counsel, reminding him that he had already had an opportunity to give an explanation. Counsel said that he interpreted the foreperson's comment to be that what he had said was wrong, but the trial court said that "[i]t had nothing to do with what [he] said." When the evidence is concluded, the court shall instruct the jury on the law applicable to the case. Ark. Code Ann. § 16-89-125(b) (Repl. 2005). The trial court correctly instructed the jury with respect to sentencing.[3] We agree with counsel that there is no arguable merit to an appeal of this issue.

## H. Consecutive Enhancement

---

[3]It is unlawful for a person to deliver methamphetamine, and a person who delivers less than two grams is guilty of a Class C felony. Ark. Code Ann. § 5-64-422(a) & (b)(1) (Repl. 2024). For a defendant convicted of a Class C felony, the sentence shall be not less than three years nor more than ten years. Ark. Code Ann. § 5-4-401(a)(4) (Repl. 2024). A defendant convicted of a Class C felony may be sentenced to pay a fine not exceeding $10,000. Ark. Code Ann. § 5-4-201(a)(2) (Repl. 2024). A person is subject to an enhanced sentence of an additional term of imprisonment of ten years if the offense is committed on or within one thousand feet of a city park. Ark. Code Ann. § 5-64-411(a)(2)(A) (Repl. 2024).

The decision to impose consecutive or concurrent sentences is discretionary. *See Golden v. State*, 2024 Ark. App. 371. Moreover, a contemporaneous objection to the trial court's imposition of consecutive sentences is necessary in order to preserve for appeal an argument that the trial court abused its discretion. *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002). Counsel raised no objection to the trial court's decision to run the enhancement portion of Strong's sentence consecutively to his sentence for delivery of methamphetamine for an aggregate total of twenty years' imprisonment; thus, any argument that the trial court abused its discretion would not be preserved.

### III. *Conclusion*

Having reviewed this appeal under the proper standards, we hold that counsel has complied with the mandates of *Anders* and Rule 4-3(b) and that the appeal indeed has no merit. Accordingly, we affirm Strong's conviction and grant counsel's motion to withdraw.

Affirmed; motion granted.

BARRETT and MURPHY, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

One brief only.