Cite as 2025 Ark. App. 516

# ARKANSAS COURT OF APPEALS
### DIVISION I
No. CR-25-155

| | |
|---|---|
| JEREMY EDWARD LEE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered October 29, 2025<br><br>APPEAL FROM THE DREW COUNTY CIRCUIT COURT<br>[NO. 22CR-20-10]<br><br>HONORABLE ROBERT B. GIBSON III, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**CINDY GRACE THYER, Judge**

Appellant Jeremy Edward Lee appeals after the Drew County Circuit Court revoked his suspended imposition of sentence on a charge of possession of drug paraphernalia and imposed a four-year sentence of imprisonment in the Arkansas Division of Correction.[1] Lee's counsel has filed a no-merit brief and a motion to withdraw as counsel pursuant to Arkansas Supreme Court Rule 4-3(b) (2024) and *Anders v. California*, 386 U.S. 738 (1967), asserting that this appeal is wholly without merit. The no-merit brief contains an argument section

---

[1]The bench trial on the revocation petition in this case was held simultaneously with the bench trial on the revocation petition in 22CR-20-141 and the jury trial on a new charge in 22CR-24-95. The court ordered Lee's sentence in this case to run consecutively with the sentences imposed in those cases. Opinions concerning the appeals in the companion cases are also being handed down today in CR-25-156, *Lee v. State*, 2025 Ark. App. 513; and CR-25-154, *Lee v. State*, 2025 Ark. App. 515.

that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The clerk of this court mailed a copy of counsel's motion and brief to Lee's last-known address informing him of his right to file pro se points for reversal, but he has not done so. After reviewing the record and considering the arguments of counsel in the brief, we affirm and grant the motion to withdraw.

On January 14, 2020, Lee was charged as a habitual offender with one count of possession of drug paraphernalia (Class D felony) and one count of possession of marijuana (Class A misdemeanor). He pled guilty to those charges on May 12, 2021. In exchange for his plea, the State agreed to an eight-year sentence followed by four years' suspended imposition of sentence on the paraphernalia charge and a six-month county jail sentence on the marijuana charge. The court accepted his plea and the State's recommendation. One of the conditions of his suspended sentence was that Lee not commit any felony, misdemeanor, or other criminal offense punishable by confinement in jail or prison.

In June 2024, Lee was arrested for possession of methamphetamine with intent to deliver. As a result, the State filed a petition to revoke Lee's suspended sentence, alleging he had violated the terms of his suspended sentence by committing a new criminal act.

The revocation hearing was continued multiple times and was ultimately tried simultaneously with the jury trial on his new charge in 22CR-24-95 and the bench trial on the revocation in 22CR-20-141.

At trial, Commander James Slaughter of the Tenth Judicial Drug Task Force testified he initiated a traffic stop after he saw a white SUV make a turn without using a turn signal. Lee was the driver and sole occupant of the SUV. Upon stopping Lee, Commander Slaughter asked for his driver's license and proof of insurance. Lee was cooperative and explained that his license had been suspended. While he spoke with Lee, Commander Slaughter noticed Lee had something white in his right hand. When Lee reached toward the glove box for his proof of insurance, Commander Slaughter saw him drop whatever was in his hand onto the floor of the vehicle by the passenger's seat.

Commander Slaughter called for assistance. When backup arrived, Commander Slaughter had Lee exit the vehicle while they conducted a search. After being advised of his *Miranda* rights, Lee told officers that the item he had placed on the floor was methamphetamine. A search of the car revealed four small individual bags of suspected methamphetamine. The State admitted bodycam footage of the search into evidence as well as the crime-lab report positively identifying the bagged substance as methamphetamine.

Lee did not testify at trial. His defense to the underlying criminal charge was that, while he had possessed the methamphetamine, he had not possessed it with the purpose to deliver. As to the revocation, defense counsel stated, "We're not denying that he was in possession, Your Honor, and I think on that basis there's probably sufficient evidence for the Court to revoke," after which the court found he had violated the terms and conditions of his suspended sentence. The jury then convicted Lee of possession with intent to deliver. This appeal is from the revocation of his suspended sentence.

On appeal, Lee's counsel has filed a no-merit brief and motion to withdraw, asserting that there are no nonfrivolous issues that would support an appeal in this case. In the brief, Counsel has addressed the sufficiency of the evidence on the revocation and the appropriateness of Lee's sentence. She has also addressed the court's denial of Lee's request for a bond reduction, the denial of his *Batson* challenge, allegedly improper closing argument, several potential evidentiary errors, and the court's failure to instruct the jury on alternative sentencing. Each of these will be discussed in turn.

## I. *Sufficiency*

The first adverse ruling addressed by counsel is the sufficiency of the evidence to support the revocation. To revoke probation or a suspended imposition of sentence, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation or suspension. *Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490. The State's burden of proof in a revocation proceeding is lower than that required to convict in a criminal trial, and evidence that is insufficient for a conviction thus may be sufficient for a revocation. *Id.* Furthermore, the State does not have to prove every allegation in its petition, and proof of only one violation is sufficient to sustain a revocation. *Mathis v. State*, 2021 Ark. App. 49, 616 S.W.3d 274.

Here, the only basis for the revocation was the commission of a new criminal offense punishable by confinement in jail or prison. Lee admitted, to both the officers at the scene and through counsel at trial, that he possessed methamphetamine—a criminal offense punishable by imprisonment. Thus, the State met its burden of proving that Lee violated a

condition of his suspended sentence. Thus, there was sufficient evidence to support the court's revocation.

## II. *Sentencing*

The next adverse ruling addressed by counsel was whether the sentence imposed by the circuit court was appropriate. When a circuit court revokes a defendant's suspended imposition of sentence, it may impose any sentence that might have been imposed originally for the offense, Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2023), and the sentencing court has the discretion to impose consecutive sentences for separate offenses, *Id.* § 5-4-403(a) (Supp. 2023). Here, Lee was originally sentenced as a habitual offender to eight years' imprisonment and four years' suspended imposition of sentence for a Class D felony, which has a maximum sentence of twelve years. Ark. Code Ann. § 5-4-501(a)(2)(E) (Supp. 2023). Upon revocation, the court sentenced Lee to four years in the Arkansas Division of Correction. Given his initial eight-year sentence, this was the maximum allowed by law. Because the sentence imposed by the circuit court was within the statutory range prescribed by law, there can be no meritorious challenge to the sentence on appeal. *See Brookshire v. State*, 2021 Ark. App. 315, 633 S.W.3d 782.

Nor does the court's imposition of consecutive sentencing create reversible error. The decision to impose consecutive or concurrent sentences is discretionary. *See Golden v. State*, 2024 Ark. App. 371. Moreover, a contemporaneous objection to the circuit court's imposition of consecutive sentences is necessary in order to preserve for appeal an argument that the circuit court abused its discretion. *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825

5

(2002). Counsel raised no specific objection to the circuit court's decision to order that his sentence on revocation run consecutively to his other sentences; thus, any argument that the circuit court abused its discretion would not be preserved.

### III. *Other Adverse Rulings*

Counsel next addresses the other adverse rulings in the record, including the court's denial of Lee's request for a bond reduction, the denial of his *Batson* challenge, allegedly improper closing argument, several potential evidentiary errors, and the court's failure to instruct the jury on alternative sentencing.

With regard to the court's denial of his request for a bond reduction, the issue became moot upon revocation. Once an appellant has been found guilty and is incarcerated, the issue of pretrial bond becomes moot. *See Shipley v. State*, 2025 Ark. App. 257 (citing *Cummings v. State*, 2017 Ark. App. 573, 534 S.W.3d 155). The proper means to challenge a bond decision is by a writ of certiorari, and a party who does not seek a timely writ of certiorari from a bond decision abandons the issue. *Id.* Because Lee did not seek a writ of certiorari, the pretrial bond issue was abandoned, and the issue is moot. For this reason, this adverse ruling provides no meritorious ground for reversal.

As for the other adverse rulings—the denial of his *Batson* challenge, the allegedly improper closing argument, potential evidentiary errors, and the court's failure to instruct the jury on alternative sentencing—they relate to the jury trial on the possession-of-methamphetamine-with-intent-to-deliver charge that, for purposes of judicial economy, was heard simultaneously with the revocation petition. As counsel notes, because the court's

decisions on those issues related solely to the underlying possession-with-intent-to-deliver case, they are immaterial to the court's decision in the revocation case that is the subject of this appeal. Thus, any error with respect to those rulings is likewise immaterial to the appeal of the revocation. Accordingly, we affirm and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

BARRETT and WOOD, JJ., agree.

*Vicki Lucas*, for appellant.

One brief only.